963 F.2d 220
 37 Soc.Sec.Rep.Ser. 258, Medicare & Medicaid Guide
P 40,224
CURATORS, UNIVERSITY OF MISSOURI, Appellant,
v.
Louis SULLIVAN, Secretary of the Department of Health and
Human Services, Appellee.
 No. 91-2939.
 United States Court of Appeals,
Eighth Circuit.
 Submitted March 12, 1992.
Decided May 4, 1992.
 
 1
 J. Richard McEachern, St. Louis, Mo., argued (G. William Weier and Mark H. Zoole, on brief), for appellant.
 
 
 2
 Jerry L. Short, Kansas City, Mo., argued, for appellee.
 
 
 3
 Before WOLLMAN and MAGILL, Circuit Judges, and LONGSTAFF,* District Judge.
 
 
 4
 LONGSTAFF, District Judge.
 
 
 5
 The Curators, University of Missouri, appeal from a final order entered by the District Court[1] for the Western District of Missouri which granted the Secretary's motion for summary judgment. For the reasons discussed below, we affirm the judgment of the district court.
 
 I. BACKGROUND
 
 6
 The University of Missouri operates the University of Missouri Medical Center (UMMC) in Columbia, Missouri. In 1979, 1980, and 1981, UMMC had a sharing arrangement for pulmonary intensive care unit (PICU) services with the Veteran's Administration Hospital. The VA Hospital is located across the street from the UMMC and connected by a tunnel. At the end of fiscal years 1979, 1980, and 1981, UMMC filed its cost reports with the fiscal intermediary for the Department of Health and Human Services who was at that time Blue Cross/Blue Shield of Missouri (Blue Cross). The intermediary adjusted the submitted costs denying all PICU payments because the services were performed by a federal provider. The intermediary advised UMMC it could appeal its decision to the Provider Reimbursement Review Board (PRRB).
 
 
 7
 UMMC did appeal to the PRRB. In 1988, the intermediary filed a motion to dismiss asserting the Board lacked jurisdiction because the denial of costs was based on lack of coverage rather than reimbursement. The Board granted the motion, and UMMC filed this appeal in federal district court.
 
 II. DISCUSSION
 
 8
 Under the Medicare Act, 42 U.S.C. § 1395 et seq., providers such as UMMC are entitled to reimbursement of reasonable costs for services provided to qualified beneficiaries. 42 U.S.C. § 1395g. Generally, a fiscal intermediary is appointed to act as the Secretary's agent for reviewing claims and awarding reimbursement. 42 U.S.C. § 1395h. The intermediary determines whether the services are covered by the Medicare Act, and if so, whether the amount charged is a reasonable cost for the service. 42 U.S.C. § 1395x(v)(1)(A). If the service is covered but adjusted for reasons of reimbursement, the provider may appeal to the PRRB. 42 U.S.C. § 1395oo. If a service is not covered by the Medicare Act, the provider must seek payment directly from its patients. Unless there is a qualified exception, no payments are made to federal providers of services. 42 U.S.C. § 1395c. A PRRB decision that it lacks jurisdiction to decide a question of law is considered a final agency decision, and the provider may seek judicial review. 42 U.S.C. § 1395oo(f)(1); see Good Samaritan Hospital v. Sullivan, 952 F.2d 1017, 1020 (8th Cir.1992).
 
 
 9
 The Sixth Circuit in Highland District Hospital v. Secretary of Health and Human Services, 676 F.2d 230 (6th Cir.1982), has already considered the basic jurisdictional issue presented here. In Highland, costs of care provided by a skilled nursing facility located within the hospital were denied by the intermediary because such services were not covered under the Medicare Act. The Highland hospital appealed to the PRRB, but the Board ruled it did not have jurisdiction because this was a coverage issue. The district court concluded that the PRRB correctly determined a question of coverage was involved and the Board was without jurisdiction. Id. at 234. The Sixth Circuit Court of Appeals affirmed holding that the PRRB did not have jurisdiction to hear claims denied based on coverage according to 42 U.S.C. § 1395oo. Id. at 234-35. Without repeating its analysis here, we adopt the conclusions of that court. Claims based on coverage are not proper issues before the PRRB.
 
 
 10
 Appellant argues Highland is distinguishable from this case. In Highland, the intermediary did not advise the hospital to appeal to the PRRB, and the provider had unambiguous notice the payment was denied based on lack of coverage. In the present case, the denial of costs was based on coverage, but appellant was told to appeal to the PRRB.[2] Appellant argues Highland restricts the Secretary to the statutory appellate course chosen by its intermediary; and because the intermediary's notice erroneously stated that appeal was to the PRRB the Secretary should be precluded from now denying jurisdiction. Any other result, appellant asserts, would be unequitable.
 
 
 11
 We disagree. PRRB review is expressly limited as follows:
 
 
 12
 The finding of a fiscal intermediary that no payment may be made under this subchapter for any expenses incurred for items or services furnished to an individual because such items or services are listed in section 1395y [Exclusions from coverage and medicare as secondary payer] of this title shall not be reviewed by the Board, or by any court pursuant to an action brought under subsection (f) [Federal Court judicial review] of this section.
 
 
 13
 42 U.S.C. § 1395oo(g)(1) (emphasis added). It is clear from the analysis in Highland and our own reading of § 1395oo that the PRRB has no discretion to hear coverage claims. The intermediary's direction to appeal cannot nullify the statute nor vest the PRRB with jurisdiction.
 
 
 14
 Such a result is not manifestly unfair for several reasons. First, the intermediary's notice clearly stated the basis for denial was because the services were performed by a federal provider. This provided appellant with notice that the denial was an issue of coverage rather than reimbursement. Further, the joint appendix contains correspondence from the PRRB in 1980 which specifically states services provided by the Veterans Administration Hospital to patients of UMMC under the sharing arrangement have previously been denied as noncovered services. Joint Appendix Volume IV at 506. Finally, appellant should have again realized there was at least a distinct possibility jurisdiction would be denied by the PRRB when the Highland opinion was announced in 1982.
 
 
 15
 All of the above factors should have made appellant aware of the likelihood the PRRB would dismiss the appeal for lack of jurisdiction. Appellant had the opportunity to dismiss the PRRB appeal and pursue payment directly from its patients. After more than ten years, collection from any of these patients is unlikely. Appellant chose to accept that risk, however. We will not force the PRRB to accept jurisdiction over coverage issues simply because appellant is able to articulate a persuasive and equitable argument that the intermediary's appeal notice coupled with the lengthy appeal process unfairly deprived it of an opportunity to recover its costs for these services.
 
 
 16
 Accordingly, we affirm.
 
 
 
 *
 The Honorable RONALD E. LONGSTAFF, United States District Judge for the Southern District of Iowa, sitting by designation
 
 
 [1]
 The Honorable D. Brook Bartlett, United States District Judge for the Western District of Missouri
 
 
 [2]
 The notice to UMMC stated in part: "[i]f you disagree with adjustments aggregating $10,000 or more in program reimbursement, your appeal is to the Provider Reimbursement Review Board...." Joint Appendix Volume IV, p. 511, 520, and 530